HORTENSE A. MENEFEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103431. Promulgated April 7, 1942.

*Charles E. McCulloch, Esq.,* and *Thomas B. Stoel, Jr., Esq.,* for the petitioner.

*John H. Pigg, Esq.,* for the respondent.

**OPINION.**

STERNHAGEN : The petitioner contends that as to her no gain may be recognized in the receipt of the West Coast shares from the La Dee

corporation, Revenue Act of 1936, sec. 112 (b) (3).[1]   The respondent treats section 112 (b) (3) as irrelevant because petitioner's shares in La Dee were not "exchanged  *  *  *  in pursuance of a plan of reorganization."

The transaction whereby the two corporations exchanged property and shares was a statutory reorganization as defined in section 112 (g) (1), and each of the two corporations was a party to such reorganization as defined in section 112 (g) (2).   This is not in dispute. Respondent says that the distribution by La Dee of the West Coast shares was not pursuant to the plan of reorganization but was separate; also that such distribution was not an exchange but was a dividend or a liquidation.

The respondent's conception of what was done is of separate and unrelated acts, and he fortifies this conception by a fine regard for the intervals of time between them and by a disregard for the testimony of the witnesses that in truth all of the acts were related as parts of a single plan, that the consummation of all was contemplated when the first was commenced, and that none would have been permitted to occur if assurance had been lacking that as a whole the plan could be perfected without tax liability.   The evidence is not doubtful that from the beginning a reorganization was contemplated which would amalgamate the business and operations of the two corporations and that the operations should thenceforth be conducted by the West Coast; La Dee should become inactive and should ultimately be dissolved.   There was no thought of giving the shareholders a distribution of assets either in a dividend or in liquidation.   Their part was merely to continue as the same shareholders of a newly arranged business.   The entire plan was integrated and what was done was a series of steps in it to achieve the reorganization.   It is not important whether the plan was written, so long as the evidence is clear that it existed, *Edison Securities Corporation*, 34 B. T. A. 1188; *William H. Redfield*, 34 B. T. A. 967, and it is not important that its fulfillment was spread over two months instead of being accomplished simultaneously, so long as the steps were a consistent performance of the reorganization plan and purpose.   *Von's Investment Co.* v. *Commissioner*, 92 Fed. (2d) 861; 111 Fed. (2d) 440; *Starr* v. *Commissioner*, 82 Fed. (2d) 964; *D. W. Douglas*, 37 B. T. A. 1122.

Respondent emphasizes the fact that the La Dee shares were not turned back to the corporation contemporaneously with the distribu-

---

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS.

     *        *        *        *        *        *        *

   (b) EXCHANGES SOLELY IN KIND.—

     *        *        *        *        *        *        *

   (3) STOCK FOR STOCK ON REORGANIZATION.—No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

tion. He says that the distribution was therefore a dividend and not an exchange. The plan, however, from the time it was first considered, contemplated the reduction of La Dee's capitalization to a small amount to cover the remaining assets after the transfer of the principal assets to West Coast, and the distribution of the West Coast shares to La Dee shareholders. The La Dee shares were deposited in accordance with the plan. Even if the distribution were expressly in liquidation, it would be required by section 115 (c) [2] to be treated as an exchange and gain or loss would be recognized only as provided in section 112. This depends on whether the actual or constructive exchange is in pursuance of the plan of reorganization. From the evidence there is no escape from the finding that it was, and the nonrecognition of gain is therefore imperative. The determination is reversed.

*Decision will be entered under Rule 50.*

---

[2] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(c) DISTRIBUTIONS IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. &ast; &ast; &ast;